ELZIE TAYLOR v. THE STATE.

No. 12713.　Delivered October 9, 1929.
Rehearing denied December 18, 1929.

390

The opinion states the case.

*S. F. Hill* of Livingston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, unlawfully driving a motor vehicle on a public highway while intoxicated; penalty, one year in the penitentiary.

A former appeal of this case will be found reported in 299 S. W., p. 402.

The State's testimony is sufficient to show that appellant on the date alleged in the indictment drove an automobile on a public highway in Polk County while intoxicated. Appellant offered no testimony.

It is alleged in the motion for new trial that after appellant had announced ready for trial and after a jury had been impaneled, his counsel withdrew from the trial and that the Court did not advise him of his right to the benefit of the suspended sentence law and that he was forced to try his case without the benefit of counsel. Upon a hearing of this motion, the Court overruled same and this is the only question properly presented for review. It appears that appellant went to trial and after the jury was impaneled and after appellant had pleaded not guilty to the indictment, court adjourned until the next morning. Appellant was brought into court at three-thirty o'clock the next day. Counsel who had represented him the day before failed to appear, whereupon he accorded appellant a few minutes to secure other counsel and he attempted to do so but

failed. Appellant failed to ask for any postponement or continuance in order to secure counsel. If he had any defense to the charge, same is not set up by him or his counsel in the motion for new trial filed after his conviction. He had already pleaded not guilty to the indictment and was in jeopardy when the transactions about which he complains occurred and the Court was without power to discharge the jury against his consent. If he were willing for the jury to be discharged, no showing is made of same. He apparently had counsel available until after the trial began but no plea for suspended sentence was filed. Without going into too much detail, the record as a whole suggests that it was appellant's fault that his counsel withdrew from the case. There is certainly no testimony that he was deprived of counsel by the action of the State or by some outside influence over which he had no control. Abandonment of a defendant's case by his counsel has been held no cause for a new trial. Giles v. State, 68 Tex. Crim. Rep. 612. See also Holden v. State, 89 Tex. Crim. Rep. 628.

Under the facts above recited the trial court properly proceeded with the trial of appellant and there was no error in his action in overruling appellant's motion for new trial. For general collation of authorities on the subject, see Vernon's C. C. P., Art. 753, notes 4, 5 and 6.

The evidence being sufficient and no errors appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The indictment alleged that appellant while intoxicated drove an automobile on a "public highway and public road * * * to-wit: upon the Israel and New Willard Public Road." The point is made that the evidence fails to show that appellant drove the car on the road named in the indictment. We do not get such impression from the testimony. The "Livingston and Israel" road ran near the village of New Willard. A new public road leaving the main highway at a certain point had been established for the convenience of the people of New Willard which new road intersected the main highway at another point. It was on this new road the state claimed the offense was committed.

That it was described in the indictment as the "Israel and New Willard" public road could in no way have misled appellant, and the proof appears to support the averment.

The other point presented in the motion questioning the qualification of the district judge is not before us in such manner as to receive consideration.

The motion for rehearing is overruled.

*Overruled.*